**Larry Donnell BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–138–CR.**

Court of Appeals of Texas, Waco.

April 18, 2001.

---

7. $5,000.00 + $3,000.00 = $8,000.00.

Michael B. Roberts, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., James Wiley, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Larry Bryant attempted to run past a police officer. He struck the officer, and then a struggle and chase occurred. Bryant was charged and convicted of assaulting a public servant. Bryant challenges the factual sufficiency of the evidence to support the judgment and the constitutionality of the statute under which he was convicted.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Bryant contends that the evidence was factually insufficient to support his conviction for assaulting a public servant. Specifically, he contends that the State did not prove that he caused bodily injury to a police officer lawfully discharging an official duty.

A person commits a third-degree felony assault of a public servant if he:

(1) intentionally, knowingly, or recklessly

(2) causes bodily injury

(3) to a person the actor knows is a public servant

(4) while the person is lawfully discharging an official duty.

TEX. PEN.CODE ANN. § 22.01(a), (b)(1) (Vernon Supp.2000). A person acts "recklessly" when he is "aware of but consciously disregards a substantial and unjustifiable risk" that could result from his actions. TEX. PEN.CODE ANN. §§ 1.07(a)(43), 6.03(c)

(Vernon 1994). The Penal Code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." Tex. Pen.Code Ann. § 1.07(a)(8) (Vernon 1994). A "public servant" is "a person elected, selected, appointed, employed, or otherwise designated as ... an officer, employee, or agent of government." Tex. Pen.Code Ann. § 1.07(a)(41) (Vernon 1994). Bryant does not contest that he attempted to avoid arrest by rushing a police officer. He does, however, deny that he is responsible for the injuries sustained by the officer during the struggle that followed.

### Evidence

█ Because Bryant contends that the evidence was factually insufficient to support his conviction, a discussion of the facts pertinent to Bryant's specific issue is necessary.

Uniformed Waco Police Officers Ralph Nix and Mark Mitzel were dispatched to a motel in Waco on a report of a stolen car. When Officer Nix located the vehicle, he approached the nearest occupied room, identified himself as a police officer, and told the two occupants his reason for being there. Both occupants, a man later identified as Bryant and a female companion, denied any knowledge of the vehicle. The occupants identified themselves as Otelah Montgomery (or Otelah Drake) and Otis Gowan. Officer Nix ran a records check and discovered that Montgomery had outstanding warrants. He arrested her, handcuffing her in the presence of the man. The records check also revealed no driver's license or identification card issued to Otis Gowan. Officer Nix noticed that the name Bryant was tattooed on the man's arm, but the man denied that his name was Bryant.

Officer Mitzel was given permission to search the room. He discovered a set of car keys and, with the man's permission, began to try the keys in the locks of the car outside. Officer Nix remained in the motel room, near the open door. Officer Nix testified that the man then rushed at him and that Nix put up his hands in self-defense. With his hands and head, the man hit Nix in the chest and hands. The impact knocked Nix backwards several feet. The offense report that Nix filed immediately after the incident stated that Nix had grabbed at the man in an attempt to detain him and that he may have torn the man's shirt.

The man then ran from the motel, chased by the two officers. When the man was finally caught and arrested, he admitted to Officer Nix that his name is Larry Bryant, and that he gave a fictitious name because he knew that he had outstanding warrants.

At some point during the scuffle with Bryant, two of Officer Nix's fingers were injured, causing pain. In the offense report, Officer Nix had written, "When I grabbed Larry Bryant in an attempt to detain him, I did injure two of the fingers on my left hand." Nowhere in this report did Officer Nix expressly state that he was injured when Bryant rushed him, but Nix testified that his fingers could not have been injured from becoming entangled in Bryant's shirt because "the fingers were jammed back, swollen back through all of the knuckles into the back of [his] hand." The fingers immediately turned red, then swelled and turned purple. Nix lost the use of those fingers for three or four days, but did not go to a doctor for treatment. The bruising on Nix's fingers continued for several months. At trial, Officer Mitzel corroborated Officer Nix's testimony regarding the injuries to his hand. Nix also testified that he suffered pain from the blow to the chest, but admitted that he had not included that in his offense report. Regarding Bryant's apparent intent, Offi-

cer Nix did not believe that Bryant was "consciously aware" that he was going to injure Nix's fingers. Nix did testify, however, that he believed that Bryant knew that he was going to hit Nix to move Nix out of the way.

**Applicable Law**

When conducting a review of the factual sufficiency of the evidence, we begin with the assumption that the evidence is legally sufficient. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We then apply the standard of review set out by the Court of Criminal Appeals in *Johnson v. State*, 23 S.W.3d 1 (Tex.Crim.App.2000). We ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the [fact finder's] determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* at 11; *see also Cain v. State*, 958 S.W.2d 404 (Tex.Crim.App. 1997); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). In other words, evidence can be factually insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Johnson*, 23 S.W.3d at 11. The jury is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991).

**Application of Law to Facts**

In its deliberations, the jury could have weighed some potentially conflicting factors. Officer Nix testified that the injury occurred when Bryant rushed him, but he had written in his offense report that he injured his fingers when he grabbed Bryant. He did not seek medical treatment, but he was unable to use the fingers for three to four days and testified that he had suffered pain as a result of the injury. Officer Nix had not mentioned in his offense report that he had been hit in the chest, but he testified that he had suffered pain as a result of the blow. Officer Mitzel confirmed only the injuries to Nix's hand. Officer Nix admitted that he did not believe that Bryant's intent was to injure Nix's hand. Nix did testify, however, that he felt that Bryant did intend to move Nix out of his way.

In a similar case, a police officer was kicked in the nose by the appellant as the officer attempted to arrest him. The officer's nose did not bleed, and he did not seek medical treatment. He testified in court that his nose hurt, swelled, and was sore for three or four days. The appellant testified that he did not strike the officer, that he was merely pulling away. The Court of Criminal Appeals found that the officer's testimony that he had experienced pain was sufficient evidence to support the jury's finding that the appellant had caused bodily injury to a public servant. *See Allen v. State*, 533 S.W.2d 352, 354 (Tex.Crim.App.1976).

Accordingly, we find that the evidence here is factually sufficient for the jury to conclude that Bryant caused bodily injury to Officer Nix. The evidence shows that Officer Nix suffered physical pain when Bryant recklessly struck him in an attempt to escape from possible arrest. The jury's verdict is supported by the officer's testimony that he experienced pain, swelling, and soreness. Therefore, Bryant's first issue is overruled.

## CONSTITUTIONALITY

In his second issue, Bryant contends that Section 22.01(b)(1) of the Texas Penal Code is unconstitutionally void for vagueness:

Section 22.01(b)(1) is offensive to the Constitution of the United States and to

84

the Constitution of this State inasmuch as it allows unlimited discretion to a police officer to enhance a criminal charge based upon a subjective complaint of "pain" inflicted during the course of virtually any arrest.

Section 22.01(b)(1) provides, in relevant part, that simple assault as defined in section 22.01(a)(1):

> is a felony of the third degree if the offense is committed against ... a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant.

Tex. Pen.Code § 22.01(b). Because they are incorporated by reference, two additional sections of the Penal Code seem to be included in Bryant's vagueness challenge: Section 22.01(a)(1), which creates the offense of assault by causing "bodily injury," and Section 1.07(a)(8), which defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." Tex. Pen.Code § 22.01(a)(1), § 1.07(a)(8).

■ As a general rule, a constitutional claim must be asserted in the trial court to be considered on appeal. There are two exceptions. First, appellate courts will address questions involving the constitutionality of the statute upon which a defendant's conviction is based even when such issues are raised for the first time on appeal. *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987). Second, an appellant does not waive error if he fails to raise a facial challenge at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990). A facial challenge claims that a statute is "invalid *in toto*—and therefore incapable

of any valid application." *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

Bryant did not raise the issue of constitutionality at the trial court level. Although his contention is not clear, Bryant seems to raise a facial challenge to the statute under which he was convicted. Specifically, we assume that Bryant is asserting that "bodily injury" is too vague to be constitutionally applied because any defendant could cause a police officer some form of pain during the course of any arrest. We will therefore address Bryant's second issue as a facial constitutional challenge.

**Applicable Law**

■ In its review of a challenged statute, the court will begin with a presumption of constitutionality. Thus, the burden to establish unconstitutionality falls upon the challenger. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Kaczmarek v. State*, 986 S.W.2d 287, 292 (Tex.App.—Waco, 1999).

■ There are two basic requirements for a constitutional vagueness challenge that does not involve a First Amendment right.[1] First, the challenger must demonstrate that he has suffered some actual or threatened injury under the statute. In other words, the challenger must have standing to contest the statute. *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex.1995). Then, the challenger must also show that the statute is impermissibly vague in "all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). In *Kaczmarek*, this court set the standard for evaluating

1. Bryant does not claim that he was engaging in an activity protected by the First Amendment.

vagueness in a criminal statute. The statute must provide an ordinary, "law-abiding" individual with sufficient notice that his conduct is violative of criminal law. *Kaczmarek*, 986 S.W.2d at 292. The statute must also provide explicit standards to law enforcement personnel to prevent arbitrary or discriminatory enforcement. To successfully show that the statute is unconstitutionally vague on its face, the challenge must establish that "no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992) (citing *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).

## Application of Law: Standing

■ Bryant claims that he has been injured: "[I]t is apparent that Appellant has been caught in a large 'net' set by the Texas Legislature, where 'unfettered' discretion is given to police and prosecutors to decide who the little fish are and cast them back to freedom while Appellant is serving twenty years." The enforcement of the public servant enhancement provision with respect to assault has indeed affected Bryant; he was convicted of a third-degree felony rather than a misdemeanor because of the claim that a police officer experienced pain as a result of Bryant's actions. We therefore find that Bryant has standing to bring this challenge.

## Application of Law: Vagueness

■ Bryant argues that Penal Code 22.01(b)(1) is unconstitutionally vague because no standard is provided to law enforcement officers as to the meaning of "pain." Bryant focuses on pain, although "bodily injury" also includes "illness" and "impairment of physical condition." Texas courts have already resolved the vagueness issue regarding "bodily injury."

In 1975, the *Ramirez* court held that the definition of "bodily injury" was not so vague, uncertain and indefinite to be violative of the state or federal constitution. *See Ramirez v. State*, 518 S.W.2d 546 (Tex. Crim.App.1975). In this case, the appellant struck a police officer in the face as she attempted to arrest him. Like Bryant, the appellant claimed that "physical pain" is so subjective that there is no way to objectively differentiate between what may be considered discomfort by one and pain by another. However, the Court of Criminal Appeals held that:

> The terms "physical pain," "illness," and "impairment of physical condition" are terms of common usage, and when construed "according to the fair import of their terms," in the context used in Section 1.07(a)(7) [now subsection (a)(8)] ... are not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to their application." [cites omitted].

*Id.* at 547.

The *Salley* court observed that the definition of "bodily injury" is purposefully broad, encompassing even relatively minor physical contacts "so long as they constitute more than mere offensive touching." *Salley v. State*, 25 S.W.3d 878, 881 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Accordingly, we find that "bodily injury" is not impermissibly vague. Ordinary citizens as well as law-enforcement personnel can understand the common meanings of "pain," "illness," and "impairment of physical condition." Bryant was capable of determining what behavior was prohibited; Officer Nix was able to determine that he suffered pain as a result of Bryant's actions. Bryant's implied argument that Penal Code 22.01(b)(1) cannot ever be constitutionally applied necessarily fails. Therefore, we overrule Bryant's second issue.

# 86

## CONCLUSION

Having overruled both issues, we affirm the trial court's judgment.