NO. 12-00-00206-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARK LARUE WADE,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS





PER CURIAM


 A jury convicted Mark Larue Wade ("Appellant") of Aggravated Assault on a Public Servant
and assessed his punishment at forty-five years of confinement and a $10,000.00 fine. In his sole issue,
Appellant contends that the evidence is legally and factually insufficient to sustain his conviction. We
affirm.


Background 


 Around midnight on May 13, 1996, uniformed Tyler police officers Gary King ("King"),
Tommy Lewis ("Lewis"), and John Portlow ("Portlow") responded to a report of a fight at the Esquire
Club (the "Club") in Tyler, Texas. King arrived first on the scene and discussed the situation with a
security guard employed by the Club, Rickey Williams ("Williams"). Williams pointed to Appellant
and told King that Appellant had been involved in the fight. As King approached Appellant, King
observed Appellant get into his car and start backing out of a parking space. King testified that he
knocked on Appellant's driver's side window, observed Appellant looking up at him (1) and told
Appellant to stop the vehicle. According to King, Appellant put the car in drive, took off through the
parking lot, and proceeded to swerve around people blocking his path. King pursued on foot, but
eventually could not keep up with Appellant's vehicle.

 Lewis testified that he observed Appellant drive away from King and proceed toward him. He
stated that Appellant was driving erratically and weaving around people and vehicles in the parking lot. 
Because of traffic in the parking lot, Appellant had to stop momentarily. At that point, Lewis tapped
on the window with his flashlight and yelled, "Police. Stop, police." Appellant then pulled around the
vehicles in front of him and began driving through the grass. Lewis testified that he then opened the
driver's side door and yelled at Appellant to stop. Appellant said, "Get away from me" and attempted
to push Lewis away. According to Lewis, Appellant, seeing he could not push him away, swerved his
vehicle toward Lewis causing the car door to strike him on the hand. Lewis testified that when the car
swerved toward him, he backed away and let the vehicle exit the parking lot. Further, Lewis stated that
had he not jumped away from the car, it was possible that the car would have struck him "in a more
severe manner." King and Portlow testified that they saw Appellant swerve his vehicle toward Lewis
causing Lewis to jump out of the way to avoid being struck by the car. Eventually, Appellant's vehicle
was stopped on the road passing in front of the Club and Appellant was arrested. King and Portlow
testified that based on their experience, an automobile is capable of causing serious bodily injury or
death 

 Appellant called two witnesses, Shaquita Johnson and Tiffany Stewart, who testified that they
were at the Club on May 13, 1996 and saw Appellant driving through the parking lot. They both
testified that they did not see Appellant attempt to run over a police officer. 

 Appellant was indicted for aggravated assault on a public servant. Tex. Pen Code Ann. §
22.02(b)(2) (Vernon 1994). The indictment alleged that Appellant committed aggravated assault under
two alternative theories. Specifically, the indictment alleged that Appellant "did then and there
intentionally, knowingly or recklessly cause bodily injury to Tommy Lewis by striking him with an
automobile, and did then and there use or exhibit a deadly weapon, to wit: an automobile, during the
commission of said assault...." Tex. Pen Code Ann. § 22.01(a)(1) (Vernon Supp. 2001) & 22.02(a)(2)
(Vernon 1994). Further, in a separate paragraph, the indictment alleged that Appellant "did then and
there intentionally, knowingly, or recklessly threaten Tommy Lewis with imminent bodily injury by
attempting to strike him with an automobile, and did then and there use or exhibit a deadly weapon, to
wit: an automobile, during the commission of said assault...." Tex. Pen Code Ann. § 22.01(a)(2)
(Vernon Supp. 2001) & 22.02(a)(2) (Vernon 1994). The application paragraphs in the jury charge
tracked the language of the indictment.


Sufficiency of the Evidence 


 In his sole issue, Appellant contends that the evidence is legally and factually insufficient to
support his conviction.

Legal Sufficiency 

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). 
An appellate court should uphold the jury's verdict "unless it is found to be irrational or unsupported
by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). All conflicts in the evidence should be resolved in favor of the verdict, and every reasonable
inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.- Dallas 1991, pet. ref'd). The jury
is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. 
Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Likewise, reconciliation of conflicts
in the evidence is within the exclusive province of the jury. Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986). 

 Sufficiency of the evidence should be measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment,
does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories
of liability, and adequately describes the particular offense for which the defendant was tried. Id. 
Malik controls sufficiency of the evidence analysis even in the absence of alleged jury charge error. 
See Gollihar v. State, 46 S.W.3d 243, 252-53 (Tex. Crim. App. 2001).

 A person commits aggravated assault if the person commits assault as defined in section 22.01
of the Texas Penal Code and the person: (1) causes serious bodily injury to another, including the
person's spouse, or (2) uses or exhibits a deadly weapon during the commission of the assault. Tex.
Pen. Code Ann. § 22.02(a). Section 22.01 provides that a person commits assault if the person: (1)
intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse,
or (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's
spouse. Tex. Pen. Code Ann. § 22.01(a)(1) & (2). An offense under section 22.02 of the Penal Code
is a second degree felony except that such an offense is a first degree felony if the offense is committed
against a person the actor knows is a public servant while the public servant is lawfully discharging an
official duty. Tex. Pen. Code Ann. § 22.02(b)(2). A deadly weapon is "anything that in the manner
of its use or intended use is capable of causing death or serious bodily injury." Tex. Pen. Code Ann.
§ 1.07(a)(17)(B) (Vernon 1994). An automobile can be a deadly weapon. Tyra v. State, 897 S.W.2d
796, 798-99 (Tex. Crim. App. 1995).


 (a) Section 22.01(a)(1) - Evidence of Mental State and Bodily Injury

 Appellant contends that there is no evidence that Appellant caused bodily injury to Lewis. In
the Penal Code, "bodily injury" is defined as physical pain, illness, or any impairment of physical
condition. Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 1994). Lewis testified that the contact between
the car door and his hand was painful for a brief period of time. From this testimony, the jury could
reasonably infer that Appellant caused bodily injury to Lewis as that term is defined in the Penal Code. 
See Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (definition of "bodily injury" is
"purposefully broad and seems to encompass even relatively minor physical contacts so long as they
constitute more than mere offensive touching. In fact, the degree of injury sustained by a victim and
the 'type of violence' utilized by an accused appears to be of no moment...."); Allen v. State, 533
S.W.2d 352, 354 (Tex. Crim. App. 1976) (Although officer's nose did not bleed and he did not seek
medical attention, officer's testimony that he experienced pain when he was kicked by appellant was
sufficient to support jury's finding that appellant had caused bodily injury.); Bryant v. State, 47 S.W.3d
80, 82-83 (Tex. App.- Waco 2001, no pet.) (Although officer did not seek medical attention, officer's
testimony that he experienced pain when his fingers were "jammed back" and when he was hit in the
chest was sufficient to for the jury to conclude that appellant had cause bodily injury). 

 Appellant also appears to assert that Lewis caused the contact between the car door and his hand
by opening the car door and attempting to pull Appellant from a moving vehicle. By this assertion, we
interpret Appellant to argue that the swerving of the vehicle was not intentional, knowing, or reckless
on his part. A culpable mental state may be properly inferred from circumstantial evidence, including
evidence of the accused's acts, words, and conduct. Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim.
App. 1996); Perez v. State, 41 S.W.3d 712, 717 (Tex. App.- Corpus Christi 2001, no pet.). Lewis
testified that after Appellant attempted to push him away with his left hand, he put his left hand back
on the steering wheel and "jerked the car over in my [Lewis'] direction." King and Portlow both
testified that they observed Appellant swerve the car toward Lewis. Viewing the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a
reasonable doubt that Appellant intentionally, knowingly or recklessly caused bodily injury to Lewis
and that he used a deadly weapon during the commission of the assault. Therefore, we hold that the
evidence is legally sufficient to sustain Appellant's conviction for aggravated assault on a public
servant. (2)


 (b) Section 22.01(a)(2) - Evidence of Mental State to Threaten Another

 Appellant also argues that the indictment improperly charged him with aggravated assault under
section 22.01(a)(2) and that the jury charge improperly tracked the language of the indictment. (3) 
Appellant points out that while section 22.01(a)(2) provides that a person commits an offense if a
person intentionally or knowingly threatens another with imminent bodily injury, the indictment alleged
that Appellant intentionally, knowingly, or recklessly threatened Lewis with imminent bodily injury. 
He asserts that the jury could not have found him guilty of recklessly threatening another with imminent
bodily injury because such a finding would be inappropriate under section 22.01(a)(2). Further, he
contends that the inclusion of a mental state of "recklessly" lowered the burden of proof necessary for
the State to obtain a conviction.

 We note that, in reality, Appellant's contention concerning the inclusion of "recklessly" in the
indictment and the charge amounts to a claim of charge error, rather than a challenge to the sufficiency
of the evidence to support his conviction. However, Appellant failed to object to the inclusion of this
mental state in the trial court. Thus, error, if any, in the charge has not been preserved for our review. 
Tex. R. App. P. 33.1(a)(1)(A) & (2) (to present a claim for appellate review, a party must present the
complaint in a timely and specific manner to the trial court and obtain a ruling). Further, Appellant has
not argued on appeal that the inclusion of "recklessly" resulted in egregious harm. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. 1984) (when appellant fails to object to charge error, reversal is not
required unless the error caused egregious harm). Moreover, egregious harm occurs only where an
accused is denied a fair and impartial trial. Id. Stated differently, was the conviction made clearly and
significantly more persuasive by the error. Saunders v. State, 817 S.W.2d 688, 690 (Tex. Crim. App.
1991). To determine whether egregious harm exists, we must assess the harm in light of the entire jury
charge, the state of the evidence, the argument of counsel, and the record as a whole. Almanza, 686
S.W.2d at 171. 

 During closing argument, the State did not contend that Appellant's conduct was solely
"reckless." In light of the evidence discussed above showing that Appellant acted intentionally (4) or
knowingly (5) and the lack of emphasis on an alternative mental state, we conclude that the error, if any,
did not result in egregious harm.

 As noted above, the sufficiency of the evidence is measured by the hypothetically correct jury
charge for the case, not the charge actually given. Malik, 953 S.W.2d at 240. The hypothetically
correct charge is one that accurately states the law. Id. Thus, such a charge in this case would not
include "recklessly" as an alternative mental state for finding that Appellant threatened Lewis with
imminent bodily injury. The evidence discussed above is legally sufficient to show that Appellant
intentionally or knowingly threatened Lewis with imminent bodily injury and that he used a deadly
weapon during the commission of the assault.

Factual Sufficiency 

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). We review the evidence weighed by the jury that tends to prove the existence of the
elemental fact in dispute and compare it with the evidence that tends to disprove that fact. Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the fact finder's weighing of the
evidence and are authorized to disagree with the fact finder's determination. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must employ appropriate deference to prevent
an appellate court from substituting its judgment for that of the fact finder, and any evaluation should
not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility to be
given to the testimony of the witnesses. Jones, 944 S.W.2d at 648. 

 Although Johnson and Stewart's version of the events on May 13, 1996 conflicted with that of
the officers, the jury was free to resolve this conflicting evidence in favor of the State. Cain v. State,
958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (A decision is not manifestly unjust merely because the
jury resolved conflicting views of the evidence in favor of the State.). After a neutral review of all the
evidence, we conclude that the proof of guilt is neither so obviously weak as to undermine confidence
in the outcome nor greatly outweighed by contrary proof. Accordingly, the evidence is factually
sufficient to support the jury's finding of guilt under either of the alternative theories in the charge.


Conclusion


 Based on the foregoing, Appellant's sole issue is overruled. The judgment of the trial court is
affirmed.


Opinion delivered November 14, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)
1. There is no evidence in the record that Appellant was aware of King's presence prior to this point.
2. Appellant does not challenge the sufficiency of the evidence showing his knowledge that Lewis was a
public servant; nor does he challenge the sufficiency of the evidence showing that Lewis was discharging an official
duty. 
3. Because we have concluded that the evidence is legally sufficient to sustain Appellant's conviction for
aggravated assault under section 22.01(a)(1), we are not required to address Appellant's contentions concerning the
charge under section 22.01(a)(2). See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (holding that
when a jury returns a general verdict of guilty from a jury charge containing alternative theories of committing the
same offense, the verdict stands if the evidence supports any of the theories charged). However, we do so in the
interest of justice. 
4. A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his
conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Pen. Code
Ann. § 6.03(a) (Vernon 1994). 
5. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that
his conduct is reasonably certain to cause the result. Tex. Pen. Code Ann. § 6.03(b) (Vernon 1994).