Roy L. Bryant v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-408-CR

     ROY L. BRYANT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # FMM-99-15232
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The trial court found Roy Bryant guilty of the offense of Assault on a Public Servant and
sentenced him to twenty years’ imprisonment. Bryant contends that the evidence is legally and
factually insufficient to sustain the conviction because the evidence did not prove an injury to the
victim’s eye as alleged in the indictment.
Background
      Correctional officer Lance Curry approached Roy Bryant’s cell during routine cell searches
at the Hughes prison unit in Coryell County. Curry’s job was to secure Bryant while the other
officers searched his cell. Curry handcuffed Bryant and moved him to one side of the cell so that
officers could conduct the search. Bryant began yelling and head-butted Curry in the face. Curry
suffered a black-eye from the assault.
Standards of Review
      In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, no pet.).
      In reviewing a challenge to the factual sufficiency of the evidence, we must view all the
evidence without the prism of the “in the light most favorable to the prosecution” construct. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Perkins v. State, 19 S.W.3d 854,
855 (Tex. App.—Waco 2000, pet. ref'd). This court “asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App.
2001).
Analysis
      The indictment alleges, in pertinent part, that Bryant did “cause bodily injury to Lance Curry
by striking Lance Curry in the eye with his head.” Bryant argues that the evidence is legally and
factually insufficient because the State did not prove the element of bodily injury to Curry’s “eye.” 
The crux of Bryant’s argument is that Curry’s injury was limited to the area around the eye, and
not an injury to the eye itself as alleged in the indictment. We think the variance, if any, is
immaterial.
      A person commits assault of a public servant if he: (1) intentionally, knowingly, or
recklessly; (2) causes bodily injury; (3) to a person the actor knows is a public servant; and (4)
while the person is lawfully discharging an official duty. See Tex. Pen. Code Ann. § 22.01(a),
(b)(1) (Vernon Supp. 2000); see also Bryant v. State, 47 S.W.3d 80, 81 (Tex. App.—Waco 2001,
pet. ref’d). The Penal Code defines “bodily injury” as “physical pain, illness, or any impairment
of physical condition.” Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 1994).
      Curry testified that Bryant head-butted him in the face near his left eye. Curry received
medical attention and photographs were taken of his injuries. The photos indicate a bruise
underneath his left eye. Curry testified that the medical report identified ecchymosis (ruptured
blood vessels) under and above his eye. Curry also stated that it “hurt” when Bryant struck him.
      On cross-examination Curry was asked the following in reference to the medical report: Q: 
The eye [itself] shows no evidence of injury, correct, sir? 
A: Yes, sir.
* * * *
Q: It [medical report] says “the eye itself to direct and opthalmoscopic examination shows no
evidence of injury,” correct?
A: Yes, sir.
      We assume without deciding that the injury to Curry’s eye alleged in the indictment differed
factually from the injury proven at trial. However, simply because the indictment alleged assault
by head-butting Curry’s eye and the evidence actually showed bodily injury to the facial area
around the eye does not automatically cause the evidence to be insufficient to sustain Bryant’s
conviction. Such a discrepancy is known as a variance. See Gollihar v. State, 46 S.W.3d 243,
247 (Tex. Crim. App. 2001). It occurs when the State has proven the defendant guilty of a crime,
but has proven it in such a manner that varies from the charging instrument. Id. Only if the
variance was prejudicial to Bryant’s substantial rights will it be deemed material and therefore
fatal. Id. at 257. An immaterial variance will be disregarded in a review of the sufficiency of the
evidence. Id. at 258.
      In making the materiality inquiry under Gollihar, two questions are asked: 1) whether the
indictment as written informed the defendant of the charge against him sufficiently to allow him
to prepare an adequate defense at trial; and 2) whether prosecution under the deficiently drafted
indictment would subject the defendant to the risk of later being prosecuted for the same crime
(double jeopardy). Id. at 257; see also Fuller v. State, No. 1283-98, slip op. at 6, 2002 WL
459834, at *3 (Tex. Crim. App. Mar. 27, 2002).
      We find any variance between the indictment and proof immaterial in this case. First, Bryant
knew he was accused of assaulting an officer and there is no indication he was surprised by the
proof at trial. The variance between the injury to the “eye” alleged in the indictment and the
injury to the facial area above and below the eye presented at trial did not impair his ability to
prepare a defense. Second, Bryant is in no danger of being prosecuted twice for the same offense. 
Id.
      Bryant has not alleged surprise or prejudice, or raised any double jeopardy concerns. See
Santana v. State, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001) (burden of demonstrating surprise
or prejudice in variance case rests on appellant). Here, Bryant simply argues the evidence is
insufficient because of the variance regarding the exact location of the victim’s injury. The
location of the officer’s injury, however, is not a statutory element of the offense. See Fuller, slip
op. at 6, 2002 WL 459834, at *3 (citing Gollihar, 46 S.W.3d at 254). Therefore, the failure to
prove the exact location of the injury alleged does not make the evidence insufficient. Id. (failure
to prove the victim’s name exactly as alleged in the indictment does not make evidence
insufficient).
      The Court of Criminal Appeals has held that an immaterial variance will be disregarded in
a sufficiency review. See Gollihar, 46 S.W.3d at 258. Because the immaterial variance regarding
injury to the “eye” is the sole point upon which Bryant relies in arguing legal and factual
sufficiency, we overrule points one and two.
      The judgment is affirmed.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 29, 2002
Do not publish
[CR25]