United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40476
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELDEN LEE HARRIS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-759-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Elden Lee Harris entered a guilty plea to one count of felon
in possession of a firearm and was sentenced to forty months'
imprisonment and three years' supervised release.  Harris appeals
his conviction and sentence.

     Harris asserts that the district court clearly erred when it
increased his offense level pursuant to U.S.S.G. § 2K2.1(b)(5)
for possession of a firearm in connection with another felony

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

offense.  He argues that the "other felony offense" used by the district court as grounds for the U.S.S.G. § 2K2.1(b)(5) increase, <u>i.e.</u>, assault by offensive touching of a public servant, is not a felony under Texas law.

We review the district court's findings for clear error and its legal interpretation of the guidelines <u>de novo</u>.  <u>United States v. Armstead</u>, 114 F.3d 504, 507 (5th Cir. 1997).  A finding is clearly erroneous only if "it is implausible in light of the record as a whole."  <u>United States v. Condren</u>, 18 F.3d 1190, 1199 (5th Cir. 1994).

Section 2K2.1(b)(5), U.S.S.G., mandates a four-level increase if the defendant used or possessed any firearm in connection with another felony offense.  Another "felony offense" is defined as any federal, state, or local offense that is punishable by a term of imprisonment that exceeds one year "whether or not a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1, comment. (n.7)).

Under Texas law, a person commits a third-degree felony assault when he knowingly causes bodily injury to a person whom he knows is a public servant lawfully discharging an official duty.  Tex. Penal Code § 22.01 (a)(1) & (b) (Vernon 2003); <u>Bryant v. Texas</u>, 47 S.W.3d 80 (Tex. Ct. App. 2001).  Campus police officers are peace officers.  Tex. Code Crim. Proc. art. § 2.12(8) (West Supp. 1993); <u>State v. Carroll</u>, 855 S.W.2d 128, 129 (Tex. Ct. App. 1993).  Bodily injury is defined as "'physical

pain, illness, or any impairment of physical condition.'" Tex. Penal Code Ann. § 1.07(a)(8) (Vernon 2003).

The record supports the U.S.S.G. § 2K2.1(b)(5) increase. See Tex. Code Crim. Proc. art. § 22.01(a)(1) & (b); Bryant v. State, 47 S.W.3d 80, 82-83 (Tex. Ct. App. 2001). The district court's finding that Harris' conduct supported the U.S.S.G. § 2K2.1(b)(5) increase is not implausible in light of the record as a whole. Condren, 18 F.3d at 1199; see United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995) (district court's judgment may be affirmed on any alternative ground that is supported by the record).

Harris challenges his 18 U.S.C. § 922(g)(1) conviction as a violation of the Commerce Clause and the Tenth Amendment. He argues that the Government did not produce evidence that the firearm was in or substantially affected interstate commerce. He asserts that evidence showing that at some point the firearm traveled in interstate commerce does not satisfy the jurisdictional element of 18 U.S.C. § 922(g)(1). Harris also asserts that his indictment and the factual basis for his plea were insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past.

Harris acknowledges that he raises these arguments solely to preserve them for possible Supreme Court review. As he concedes, the arguments are foreclosed by existing Fifth Circuit precedent.

See <u>United States v. Darrington</u>, ___ F.3d ___, 2003 WL 22706079 at *2 (5th Cir. Nov. 18, 2003) (No. 03-20052); <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.