Opinion issued May 4, 2006
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00293-CR




ERNEST ROLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1000008




MEMORANDUM OPINION

          A jury convicted appellant, Ernest Rollins, of aggravated robbery of a person 
aged 65 years or older. See Tex. Pen. Code Ann. § 29.03(a)(3)(A) (Vernon 2003). 
After appellant pleaded true to two enhancement paragraphs, the trial court assessed
his punishment at 45 years’ confinement. In two points of error, appellant contends
that the evidence was legally and factually insufficient to sustain his conviction. 
          We affirm. 
BACKGROUND
          On September 7, 2004, appellant robbed Gloria Valdez as Valdez attempted to
exit her vehicle in the parking lot of Rosita’s Restaurant. Valdez, who was 76 years
old at the time of the robbery, testified that appellant pressed a gun to the right side
of her body and demanded money. When she refused his demands, appellant
variously “punched” and “pushed” the gun against Valdez’s body with increasing
force. Valdez testified that she was in pain as a result of appellant’s actions, that she
experienced bruising where appellant had pressed the gun against her, and that she
remained in bed for three days after the incident.
          With appellant continuing to press the gun against her while demanding
money, Valdez turned and reached for the appellant’s throat in an effort to defend
herself. Moments later, she observed a police car driving past and screamed that she
was being robbed. The police car was driven by Harris County Sheriff’s Deputy
Vines, who was en route to an unrelated incident. Hearing Valdez’s cry for help,
Vines pulled into Rosita’s parking lot, where he observed appellant pinning Valdez
against her vehicle. Appellant then discarded what appeared to be a white towel and
began to walk away from Valdez. Valdez yelled to Vines, who had exited his vehicle, 
that appellant had just robbed her. Vines then drew his weapon and ordered appellant
to stop. Appellant initially obeyed Vines’s commands, but when Vines ordered him
to the ground, appellant ran off and eluded Vines by climbing over an iron gate. 
Vines called for backup and returned to the parking lot, where he recovered the white
towel discarded by appellant. The towel contained a BB gun that resembled a .45
caliber handgun. 
          Harris County Sheriff’s Deputy Demilia responded to Vines’s call for
assistance. After a brief search, Demilia and Vines found appellant hiding in a
freestanding structure located in the backyard of a home near Rosita’s. The deputies
arrested appellant and drove him back to Rosita’s, where Valdez positively identified
appellant as the man who had robbed her. Demilia testified that Valdez then
recounted the details of the robbery to him, specifically noting that she experienced
pain when appellant pressed the BB gun into her body. DISCUSSION
          Legal Sufficiency 
          In his first point of error, appellant contends that the evidence is legally
insufficient to sustain his conviction for aggravated robbery. Specifically, appellant
argues that the evidence failed to show that he intentionally and knowingly caused
bodily injury to Valdez, as alleged in the indictment. 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562. 
          A person commits robbery when, “in the course of committing theft . . . and
with intent to obtain or maintain control of the property, he: (1) intentionally,
knowingly, or recklessly causes bodily injury to another or (2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death.” 
See Tex. Pen. Code Ann. § 29.02. A person commits theft if he unlawfully
appropriates property with the intent to deprive the owner of the property. Id. §
31.03(a). A conviction for aggravated robbery requires the State to prove that the
defendant (1) committed a robbery and (2) either caused serious bodily injury to
another, used or exhibited a deadly weapon, or “cause[d] bodily injury to another
person or threaten[ed] or place[d] another person in fear of imminent bodily injury
or death, if the person is: . . . 65 years of age or older; or . . . a disabled person.” See
id. § 29.03.
          In the case at bar, the indictment alleged aggravated robbery. The jury was
authorized to convict if it found that appellant,
While in the course of committing theft or property owned by Gloria
Valdez and with intent to obtain and maintain control of the property,
intentionally and knowingly cause[d] bodily injury to Gloria Valdez a
person at least sixty-five years of age by sticking a BB gun into the ribs
of Gloria Valdez.
 
Appellant argues that the evidence is legally insufficient to show that he intentionally
and knowingly caused bodily injury to Valdez. Appellant’s contention rests on his
assertion that Valdez did not suffer bodily injury during the robbery. 
          The Texas Penal Code defines “bodily injury” to mean “physical pain, illness,
or any impairment of physical condition.” See Tex. Pen. Code Ann. § 1.07(8). The
Court of Criminal Appeals has interpreted this definition broadly, holding that it
encompasses “even relatively minor physical contacts so long as they constitute more
than mere offensive touching.” Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App
1989). When considering whether there is sufficient evidence to establish that a
victim suffered bodily injury, juries are free to apply common knowledge,
observation, and experience gained in ordinary affairs of life, while giving effect to
inferences that may reasonably be drawn from the evidence. See Wawrykow v. State,
866 S.W.2d 96, 99 (Tex. App.—Beaumont 1993, pet. ref’d). Significantly, the bodily
injury element of a robbery or aggravated robbery charge is satisfied “so long as
violence is clearly perpetrated against another for the purpose of . . . preventing or
overcoming resistance to theft.” See Lane, 763 S.W.2d at 787.
          Here, Valdez testified that in an effort to overcome her resistance to theft,
appellant “punched” and “pressed” a BB gun into the side of her body. Valdez
further testified that appellant’s actions caused her physical pain and resulted in
bruising. Appellant contends that the State’s failure to offer any physical evidence
to support Valdez’s testimony regarding her injury prohibits the jury from concluding
that a bodily injury occurred. Interpreting Valdez’s testimony through the prism of
their own experience, however, rational jurors could have inferred that appellant
inflicted bodily injury on Valdez by jabbing a weapon into her body. Drawing such
a conclusion seems particularly rational when one considers Valdez’s advanced age;
and Valdez’s testimony suffices, even in the absence of corroborating physical
evidence, to satisfy the bodily injury requirement necessary to convict appellant. See
Allen v. State, 533 S.W.2d 352, 354 (Tex. Crim. App. 1976) (holding that police
officer’s testimony that he experienced pain from kick in nose was sufficient to
establish bodily injury absent corroborating physical evidence); Arzaga v. State, 86
S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (holding that lack of observable
physical injury does not bar inference that physical contact caused pain); Bryant v.
State, 47 S.W.3d 80, 82–83 (Tex. App.—Waco 2001, pet. ref’d) (holding that police
officer’s testimony that he experienced pain when his fingers were bent back was
sufficient to establish bodily injury absent corroborating physical evidence). 
          Finally, we note that the evidence was sufficient for a rational juror to conclude
that appellant caused Valdez’s injuries intentionally and knowingly. A person acts
intentionally when it is his conscious objective or desire to cause a result. See Tex.
Pen. Code Ann. § 6.03(a) (Vernon 2003). A person acts knowingly, or with
knowledge, with respect to a result of his conduct when he is aware that his conduct
is reasonably certain to cause the result. Id. § 6.03(b). Proof of a culpable state of
mind is nearly always provided by circumstantial evidence and may be inferred from
the acts, words, or conduct of the accused. See Dues v. State, 634 S.W.2d 304, 305
(Tex. Crim. App. 1982); Warren v. State, 797 S.W.2d 161, 164 (Tex. App.—Houston
[14th Dist.] 1990, pet. ref’d). Based on Valdez’s testimony regarding appellant’s
threatening words and actions, we conclude there is sufficient evidence for the jury
infer that appellant was aware that his conduct was reasonably certain to cause the
result that it did. Viewed in the light most favorable to the verdict, we conclude the
evidence was sufficient to show that appellant intentionally and knowingly caused
bodily injury to Valdez. 
          We overrule appellant’s first point of error. 
          Factual Sufficiency
          In his second point of error, appellant argues that the evidence is factually
insufficient to sustain his conviction for aggravated robbery. Again, appellant
contends that the evidence failed to show that he intentionally and knowingly caused
bodily injury to Valdez as alleged in the indictment. 
          We begin a factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility to be accorded any witness’s
testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight
to give contradictory testimonial evidence is within the sole province of the fact
finder because it turns on an evaluation of credibility and demeanor; the fact finder
may choose to believe all, some, or none of the testimony presented. Id. at 407–09. 
We must defer appropriately to the fact finder to avoid substituting our judgment for
its judgment. Zuniga, 144 S.W.3d at 481–82. 
          Here, appellant contends the evidence is not sufficient to prove beyond a
reasonable doubt that Valdez suffered bodily injury. We disagree. As noted, Valdez
testified that appellant caused her pain by pressing a BB gun against her body in the
course of committing theft. Testimony by a complainant alone, when believed by a
jury, is sufficient to establish that bodily injury occurred. See Lane, 763 S.W.2d at
787 (holding that testimony by a complainant that she suffered bodily injury was
sufficient when defendant grabbed wallet out of complainant’s hands). Given the
verdict, we conclude that the jury believed Valdez’s testimony. As jury members may
use their own experiences to infer whether a witness experienced pain, and the jury
is the sole judge of a witness’s credibility, we conclude that Valdez’s testimony was
sufficient to prove beyond a reasonable doubt that appellant caused her bodily injury. 
We conclude that the evidence was factually sufficient to support the jury’s 
conclusion that appellant inflicted bodily injury upon Valdez. 
          We overrule appellant’s second point of error.CONCLUSION
          We affirm the judgment of the trial court.
           
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.