Opinion issued August 2, 2007















In The 

Court of Appeals

For The

First District of Texas






NO. 01-06-00602-CR

 __________


ERIC WILSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1071595






MEMORANDUM OPINION

 A jury found appellant, Eric Wilson, guilty of robbery and assessed punishment
at 15 years' confinement. See Tex. Pen. Code Ann. § 29.02 (a)(1) (Vernon 2003). 
In two issues, appellant contends that the evidence is legally and factually insufficient
to sustain his robbery conviction because the State failed to prove that he caused
bodily injury to the complainant. We affirm.Background

 On July 5, 2005, at about 8:00 p.m., the 60-year-old complainant flew into
Houston's Hobby Airport. As she was walking to the parking garage where her car
was parked, the complainant was struck on her back, grabbed, and pushed to the
ground of the parking garage by an African-American male wearing a dark blue shirt. 
The complainant testified that, as she "screamed" and "struggled," her attacker forced
her to stay on the ground by placing his knee on her back. At the time, the
complainant was pulling a rolling suitcase in her right hand and was wearing her purse
on her left shoulder. She testified that her purse "flew off" her arm during the
struggle. After emptying the contents of the complainant's purse, the attacker fled. 

 After trying unsuccessfully to find help, the complainant gathered her
belongings from the ground, got in her car, and drove to the teller's stand, where she
explained what had happened. Stephanie McLean, the Assistant Area Manager for the
parking garage, notified the Houston Police Department ("HPD") of the incident. 

 According to the complainant's testimony, she told Officer Le, the HPD officer
who arrived at the scene, that she suffered "bloody scrapes" on her arms, cheekbones,
knees, and one ankle, as well as bruises to her hipbone. No photographs documenting
the complainant's injuries were taken, and Officer Le did not note the injuries suffered
by the complainant in his report. In addition, McLean testified that she was in and out
of the office where the complainant was discussing the incident with police and that
she did not recall the complainant showing her injuries to the officer. McLean also
did not recall observing any injuries on the complainant herself. 

 The next day, Officer Kyle, an HPD officer at Hobby Airport, was informed
that the complainant's wallet had been found in an apartment complex just north of the
airport. Officer Kyle testified that when he traveled to the complainant's home to
return her wallet, the complainant was still visibly upset. However, he did not observe
any physical injuries to the complainant during his visit, nor did the complainant
complain to him about any injuries. 

 A couple of weeks later, Officer Hollingshead, a police officer assigned to
Hobby Airport, responded to a "suspicious person call" concerning appellant. When
Officer Hollingshead questioned appellant about why he was in the airport parking
garage, he replied that he was with another friend looking for a job. Because she
believed appellant's response was suspect, Officer Hollingshead decided to take
appellant into custody, and another officer transported him to jail. In researching the
names appellant had provided during her questioning of him, she began to believe that
appellant was a possible suspect in the robbery of the complainant. She turned the
information over to HPD's Detective Division.

 Appellant was then placed in a live line-up. During the line-up, the complainant
requested that the participants show their hands and demand money. The complainant,
however, was unable to identify any of the men, including appellant, as her attacker. 
Appellant was later interviewed by police, at which time he admitted to being in the
garage and taking the complainant's purse. He indicated that he took the purse only
after she set it on the ground. Appellant claimed not to have had physical contact with
the complainant.

 Sufficiency of the Evidence

 In two issues, appellant argues that the evidence was legally and factually
insufficient to sustain his robbery conviction because the State did not prove that
appellant caused bodily injury to the complainant. We disagree.

Standard of Review

 In our legal sufficiency review, we view the evidence in the light most favorable
to the verdict and ask whether any rational trier of fact could have found the crime's
essential elements beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). When conducting a factual sufficiency review, we view all of the
evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App.
1997). We will set the verdict aside only if (1) the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or (2) the conflicting evidence is against the
great weight and preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under
the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong"
or "manifestly unjust" simply because, on the quantum of evidence admitted, we
would have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404,
417 (Tex Crim. App. 2006). Under the second prong of Johnson, we cannot declare
that a conflict in the evidence justifies a new trial simply because we disagree with the
jury's resolution of the conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given to contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.


Analysis

 The indictment alleged that appellant, 

unlawfully, while in the course of committing theft of property owned
by [the complainant] and with intent to obtain and maintain control of
the property, intentionally, knowingly, and recklessly cause[d] bodily
injury to [the complainant] by PUSHING [THE COMPLAINANT]
WITH HIS HAND, . . . 


by PUSHING [THE COMPLAINANT] WITH HIS KNEE, . . . 


by GRABBING [THE COMPLAINANT] WITH HIS HAND, . . . 


by PUSHING [THE COMPLAINANT] TO THE GROUND. . . . 


"Bodily injury" is defined by the Texas Penal Code as, "physical pain, illness, or any
impairment of physical condition." Tex. Pen. Code Ann. § 1.07 (8) ( Vernon 2003). 
This definition is "purposefully broad" and seems to encompass "even relatively minor
physical contacts so long as they constitute more than mere offensive touching." Lane
v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). In fact, the degree of injury
sustained by a victim and the "type of violence" utilized by an accused appear to be
of no moment. Id. Rather, the bodily injury element of a robbery charge is satisfied
"so long as violence is clearly perpetrated against another for the purpose of . . .
preventing or overcoming resistance to theft." See id. at 787. For example, the Court
of Criminal Appeals has held the evidence sufficient to establish the element of bodily
injury where a complainant testified that she suffered physical pain when the
defendant grabbed her briefcase and twisted her arm back, causing her to sustain a
small bruise during the struggle. Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim.
App. 1975). 

 Here, appellant concedes that he took the complainant's purse in the parking
garage and argues only that he did not cause her bodily injury. The evidence viewed
in the light most favorable to the verdict shows that the complainant testified that she
was struck from behind and, as she "screamed" and "struggled" with her assailant, she
was grabbed, a hand was placed over her mouth, she was thrown to the ground, and
she was held there with a knee in her back. She stated that it hurt when she was
pushed to the ground and that she suffered "bloody scrapes" on her arms, cheekbones,
knees, and one ankle, as well as bruises to her hipbone. The complainant's testimony,
even in the absence of corroborating physical evidence, satisfies the bodily injury
requirement. See Allen v. State, 533 S.W.2d 352, 354 (Tex. Crim. App. 1976)
(holding that complainant's testimony that he experienced pain from kick in nose was
sufficient to establish bodily injury absent corroborating physical evidence); Arzaga
v. State, 86 S.W.3d 767, 778 (Tex. App.--El Paso 2002, no pet.) (holding that lack of
observable physical injury does not bar inference that physical contact caused pain); 
Bryant v. State, 47 S.W.3d 80, 82-83 (Tex. App.--Waco 2001, pet. ref'd) (holding
that complainant's testimony that he experienced pain when his fingers were bent back
was sufficient to establish bodily injury absent corroborating physical evidence). 
Further, the complainant's testimony constitutes evidence of violence perpetrated for
the purpose of "preventing or overcoming resistance to the theft," and, from this
evidence, a rational jury could have concluded that the appellant caused bodily injury
to the complainant. See Lane, 763 S.W.2d at 787. Accordingly, we hold that the
evidence is legally sufficient to sustain the jury's implied finding of bodily injury, and
we overrule appellant's first issue. 

 As evidence to the contrary, appellant relies on the following: (1) the
complainant's statement to her husband, over the telephone, that she was "physically
okay" after the robbery, (2) the complainant's refusal of medical treatment, (3) the
complainant's request that line-up participants repeat the words of her assailant, "I'm
not going to hurt you," (4) McLean's testimony that she neither observed any physical
injuries on the complainant nor witnessed the complainant show any injuries to the
police officers at the scene, (5) McLean's observation that the complainant gave her
statement to the police in a calm tone of voice, (6) Officer Kyle's testimony that he did
not observe any injuries on the complainant when he returned her wallet to her home
on the day after the robbery, (7) the fact that no injuries were documented by
investigating officers in the police reports and no photographs were taken, and (8)
appellant's confession to having committed the offense of simple theft. As the
determiner of the credibility of the witnesses, the jury was free to believe all, some,
or none of the complainant's testimony regarding the "bloody scrapes" she suffered
on her arms, cheekbones, knees, and one ankle, as well as the bruises to her hipbones. 
As previously stated, the complainant's testimony was sufficient to establish the
element of bodily injury. See Allen, 533 S.W.2d at 354; Arzaga, 86 S.W.3d at 778; 
Bryant, 47 S.W.3d at 82-83. We cannot conclude that the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, nor can it be said that the conflicting
evidence is against the great weight and preponderance of the evidence. Johnson, 23
S.W.3d at 11. Accordingly, we hold that the evidence is factually sufficient to sustain
the jury's implied finding of bodily injury and we overrule appellant's second issue. Conclusion

 We affirm the judgment of the trial court. 


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Alcala, Hanks, and Price (1).

Do not publish. Tex. R. App. P. 47.2(b).


 

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at
Houston, sitting by assignment.