Clifton Vaughnceal ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 51236.

Court of Criminal Appeals of Texas.

March 3, 1976.

Rehearing Denied March 17, 1976.

Brad Reid, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for aggravated assault; the punishment is imprisonment for 5 years.

The appellant asserts that the judgment must be reversed because: (1) the evidence is not sufficient to support the verdict; (2) evidence of an extraneous offense was erroneously admitted; (3) a material defense witness was improperly impeached, which also constituted prosecutorial misconduct; and (4) testimony concerning the appellant's reputation was erroneously admitted.

The appellant contends that the evidence is not sufficient to support the jury verdict finding him guilty of an aggravated assault on a peace officer; he contends that at best the evidence would only support a judgment for resisting arrest.

On the night of February 7, 1975, Roger Cox, a City of Abilene police officer, while he was on patrol, noticed an automobile being driven in an erratic manner. He turned on the red light of the marked patrol car and followed the automobile for one and one-half blocks through an alley. The appellant who was driving the automobile stopped behind a pool hall, got out, and locked the automobile. As the officer approached, he could smell the odor of an alcoholic beverage on the appellant's breath; he observed that the appellant was unsteady, could not walk straight, and his eyes were glassy and bloodshot. Cox was of the opinion that the appellant was intoxicated; he advised the appellant he was under arrest. While the officer was trying to advise the appellant of his rights, a crowd commenced to gather outside the pool hall. The appellant said he would not surrender to the officer unless he had an arrest warrant. Cox decided that he would need help, as a hostile crowd of from eight to twelve people had gathered. Another officer, Richard Valdez, who is the complainant, quickly responded to a call made by Officer Cox. Both officers were in police uniforms, were wearing badges, and were armed, when they followed the appellant into the pool hall and again advised him he was under arrest. The appellant resisted when the officers attempted to place handcuffs on him. He swung his fist at Cox; Valdez attempting to subdue the appellant pulled him to the floor. The appellant and a number of people in the crowd were shouting abusive and obscene words at the officers. Officer Burns was the first of

several other officers who arrived to help Cox and Valdez. The appellant was "kicking very strongly" and "very wildly;" he was wearing heavy "dingo boots." Officer Cox's clothing was torn and he received some minor scratches. While Valdez was attempting to put cuffs on the appellant's ankles, the appellant kicked at Valdez, several blows struck him, one of the kicking blows struck Valdez on the nose. His nose did not bleed, and he did not seek medical treatment for his injury, but Valdez testified his nose hurt and swelled and was sore for three or four days. Valdez also had two small cuts on his hand and had several stains on his pants where he was kicked by the appellant.

The appellant testified he attempted to resist the arrest but he did not strike a peace officer with his arms or legs. He said he was merely trying to pull away from the arresting officers.

Although it was instructed on the law of resisting arrest, the jury rejected this theory by finding the appellant guilty of aggravated assault.

The question presented is whether the evidence is sufficient to show that the appellant inflicted bodily injury upon Officer Valdez.

V.T.C.A. Penal Code, Sec. 22.02, in pertinent part, provides:

"(a) A person commits an offense if he commits assault as defined in Section 22.-01 of this code and he:

"(1) . . .

"(2) causes bodily injury to a peace officer in the lawful discharge of official duty when he knows or has been informed the person assaulted is a peace officer; or

"(3) . . .

"(b) The actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer."

V.T.C.A. Penal Code, Sec. 1.07, provides:

"(a) In this code:

"  . . .

"(7) 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

In *Ramirez v. State*, 518 S.W.2d 546 (Tex. Cr.App.1975), there was a contention that the term "bodily injury" as used in V.T.C.A. Penal Code, Sec. 22.02(a)(2) is vague, uncertain, and indefinite and is therefore violative of Section 10, Article I, Texas Constitution and the Due Process Clause of the Constitution of the United States. We held that "bodily injury" as defined by V.T.C.A. Penal Code, Sec. 1.07(a)(7) and as used in V.T.C.A. Penal Code, Sec. 22.02(a)(2) is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.

■ The jury in this case was correctly instructed on the law and its finding is supported by the testimony of Officer Valdez that his nose hurt, swelled, and was sore for three or four days; this testimony shows he suffered physical pain, and it is sufficient to support the jury verdict. See *Lewis v. State*, 530 S.W.2d 117 (Tex.Cr.App. 1975), a robbery case, in which the twisting of a complainant's arm causing it to hurt was held to be "bodily injury."

■ We will next consider the appellant's complaint that an extraneous offense was erroneously admitted. Testifying in his own behalf, on direct examination, the appellant said that he did not strike a peace officer with his arms or legs. He was then asked, "Did you ever kick a peace officer" and he answered, "Not that I know of." On cross-examination, it was the appellant's position that he "never struck any officer." In rebuttal, the State offered evidence that on March 16, 1975, along with others, the appellant attacked, struck and kicked a peace officer when two officers were making an investigation. Whether the appellant intended to strike and injure the complainant became a controverted issue by the

appellant's testimony. This testimony concerning the subsequent assault was admissible to show that the appellant intended to strike and injure Valdez when he kicked at him. See *Blankenship v. State*, 448 S.W.2d 476 (Tex.Cr.App.1969); *Barton v. State*, 162 Tex.Cr.R. 75, 282 S.W.2d 237 (1955).

■ We will now consider the appellant's contentions that a material defense witness was improperly impeached, which he alleges also constituted prosecutorial misconduct.

Gerald Ewing, a newspaper photographer, saw Officer Cox when he was in his patrol car pursuing the appellant. Ewing followed them to the pool hall. While the officers were subduing the appellant and placing him under arrest, Ewing took eight photographs; these photographs were offered by the defense and admitted in evidence.

The prosecutor terminated his cross-examination of Ewing as follows:

"Q. Now, Mr. Ewing, are you a convicted felon?

"A. Yes.

"Q. That means that you've had some run-ins with the Police Department in the past, then, doesn't it?

"A. Yes.

"Q. You've been arrested then?

"A. Several years ago.

"Q. All right.

"[PROSECUTOR]: That's all we have, Your Honor.

"THE COURT: All right. Anything else?

"[DEFENSE COUNSEL]: We have no other questions of this witness, Your Honor."

There was no objection made at the time of trial, but on the hearing of the motion for a new trial it was shown that Ewing had been convicted of a felony but had been granted probation. However, before he testified, Ewing had successfully completed his probation and the conviction had been set aside. It was also shown that Ewing had been convicted during the tenure of the District Attorney who was prosecuting the case at bar, but there was no evidence of bad faith on the part of the District Attorney. See e. g. *Goad v. State*, 464 S.W.2d 129 (Tex.Cr.App.1971); *Keel v. State*, 434 S.W.2d 687 (Tex.Cr.App.1968). He testified at the hearing of the motion for new trial that at the time of trial he did not know that the witness had been convicted or that probation had been granted, terminated and set aside.

Since there was no objection at the time of trial, and there was no showing of bad faith on the part of the District Attorney, no error is shown.

■ At the punishment phase of the trial pursuant to the provisions of Article 37.07(3)(a), V.A.C.C.P., the State offered testimony about the appellant's general reputation in the community for being a peaceable, law-abiding citizen. George Maxwell and Gary Rusnak were called as witnesses by the State. It was shown that they were juvenile probation officers and that they were both aware of the appellant's reputation for being a peaceable, law-abiding citizen. After Maxwell had testified without objection that appellant's reputation was bad, Rusnak was called as a witness and asked about the appellant's reputation. An objection was made that the District Attorney was "bringing in juvenile probation officers and raising things that are not proper in this court." The objection was overruled and Rusnak testified that the appellant's reputation was bad. There was no evidence before the jury that the appellant had a juvenile record. A juvenile officer after being qualified is as competent as any other witness to testify concerning an appellant's reputation. See and compare *Broadway v. State*, 418 S.W.2d 679 (Tex.Cr.App.1967); *Frison v. State*, 473 S.W.2d 479 (Tex.Cr.App.1971); *Pogue v. State*, 474 S.W.2d 492 (Tex.Cr.App.1971); *Clark v. State*, 500 S.W.2d 469

(Tex.Cr.App.1973); *Proctor v. State*, 503 S.W.2d 566 (Tex.Cr.App.1974). Moreover, Maxwell, the other juvenile probation officer, had testified without objection that the appellant's reputation was bad. See *Mitchell v. State*, 524 S.W.2d 510 (Tex.Cr.App. 1975). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.