Opinion issued October 12, 2006 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01055-CR






ARMANDO AGUILAR GARCIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 43780





MEMORANDUM OPINION

 A jury convicted appellant, Armando Aguilar Garcia, of assault on a public
servant. See Tex. Pen. Code Ann. § 22.01(a), (b)(1) (Vernon Supp. 2005). The trial
court found true the enhancement allegations of three prior convictions--for robbery,
burglary of a habitation, and retaliation--and assessed punishment at 25 years in
prison. We determine (1) whether the evidence was legally and factually sufficient
to support appellant's conviction for assault on a public servant, (2) whether the trial
court erred by not including in the jury instructions the lesser-included-offense
charges of misdemeanor resisting arrest and misdemeanor assault, and (3) whether the
trial court reversibly erred in finding the enhancement allegations true when the State
failed properly to authenticate the penitentiary packet admitted into evidence during
the punishment phase of the trial. We affirm.

Background

 On September 20, 2002, Officer Shawn Gilcrease, a patrol officer in the Alvin
Police Department, was dispatched to 319 West Adoue in reference to a domestic
disturbance. Officer Gilcrease arrived at the home around 5:30 p.m. and was greeted
by Josephine Garcia, appellant's sister. She told the officer that appellant was inside
and gave Officer Gilcrease permission to enter the house. Officer Gilcrease told
appellant why he had been called over to the house and asked for any information
about the incident. After having spoken with appellant and several family members,
Officer Gilcrease decided to arrest appellant for assault by threat, family violence.

 Appellant was initially compliant with Officer Gilcrease as he was handcuffed
and searched. When Officers Gilcrease and another officer, Officer Dowd, attempted
to escort appellant to a patrol car, however, appellant resisted, jumping up and down
and attempting to break free of the officers' grasp. He backed his feet up to prevent
being taken outside and kicked his legs up at the door to prevent the officers from
opening the door. At this point, appellant was able to break free of the officers'
grasp. Officer Gilcrease then bent appellant over the couch in order better to restrain
him. Throughout this fracas, appellant was using profanities toward the officers, and
he then began kicking at them. Due to appellant's aggressive behavior, another
officer at the scene, Officer Kelly, sprayed appellant with pepper spray. While the
effect of the pepper spray initially caused appellant to calm down, he resumed kicking
at the door once the officers tried to escort him to the patrol car. Finally, the officers
managed to remove appellant from the house. Appellant lunged at Officer Dowd,
causing Officer Dowd, Officer Gilcrease, and appellant to tumble out of the front
door and onto the concrete porch. The officers then walked appellant toward the
patrol car. Although appellant was no longer kicking or resisting, he continued to use
profanities toward the officers. As appellant neared the patrol car, he spat on it.

 At this point, appellant turned his aggression toward Officer Gilcrease and
attempted to spit on him. Officer Gilcrease grabbed appellant by the back of the neck
and bent him to the ground in an effort to keep appellant from spitting on him. 
Appellant, with his back to Officer Gilcrease and bent over at the waist, kicked his
right leg back, striking Officer Gilcrease near the groin on the upper thigh. Officer
Gilcrease and the other officers then took appellant to the ground and sprayed him
with pepper spray again. The pepper spray subdued appellant enough for the officers
to place him in the back of the patrol car. 

 Before the trial court submitted the case to the jury for deliberation, appellant
requested inclusion of two lesser-included offenses--resisting arrest and
misdemeanor assault--in the jury charge. The trial court denied the request. At the
punishment stage of the trial, appellant objected to State's Exhibit 7, a penitentiary
packet containing judgments of conviction for aggravated robbery and burglary of a
habitation, as a means of proving appellant's prior convictions for sentencing
enhancement purposes. In support of his objection, appellant argued that because the
State's fingerprint expert could not positively match the fingerprints in the
penitentiary packet with those of appellant, the prior convictions were not properly
authenticated and should not have been admitted for enhancement purposes. The trial
court overruled this objection and allowed the penitentiary packet to be admitted. 
The court determined that these two enhancements, plus one other enhancement for
the felony of retaliation, were true. The trial court then assessed appellant's
punishment at 25 years in prison based on his assault on a public servant and the three
enhancement paragraphs. (1)

Legal and Factual Sufficiency

 In his first and second points of error, appellant challenges the legal and factual
sufficiency of the evidence to prove that he struck Officer Gilcrease with his foot and
thereby caused the officer bodily injury.

A. Standard of Review

 A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.--Houston [1st Dist.] 1997, no pet.).

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light and set the verdict aside only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or if the contrary evidence is so strong that the
standard of proof of beyond a reasonable doubt could not have been met. Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 483 (Tex. Crim. App. 2004)). In conducting a factual-sufficiency
review, we must discuss the evidence that, according to the appellant, most
undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 

 Although our analysis considers all of the evidence presented at trial, we may
not re-weigh the evidence and substitute our judgment for that of the fact-finder. King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone
determines what weight to place on contradictory testimonial evidence because that
determination depends on the fact-finder's evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). As the determiner
of the credibility of the witnesses, the fact-finder may choose to believe all, some, or
none of the testimony presented. Id. at 407 n.5.

B. Assault on a Public Servant

 In an assault-on-a-public-servant case, the State must prove (1) that the
defendant intentionally, knowingly, or recklessly caused bodily injury to another and
(2) that the offense was committed against a person whom the defendant knew to be
a public servant lawfully discharging an official duty. Tex. Pen. Code Ann.
§ 22.01(a), (b)(1). Appellant contends that the evidence was not legally sufficient to
show that he struck Officer Gilcrease with his foot, as charged in the indictment. 
Furthermore, appellant contends that the evidence was insufficient to show that he
caused bodily harm to Officer Gilcrease.

 When viewed in the light most favorable to the verdict, the evidence presented
at trial established that appellant kicked Officer Gilcrease in the thigh with his foot. 
Officer Gilcrease testified that, even though he did not see the actual physical contact
take place because appellant had his back toward the officer and was bent over at the
waist, the only part of appellant's leg that could have hit him in the thigh was the heel
of appellant's foot. Officer Gilcrease also testified that it had to be "the bony heel of
a foot" in order for the impact to cause the pain that it did. Furthermore, Officer Tran,
who had assisted Officer Gilcrease in arresting appellant, testified that he saw
appellant kick Officer Gilcrease with his foot. Officer Tran also testified that
appellant tried to kick Officer Gilcrease again, but that appellant's leg was grabbed
to prevent appellant from causing any further injury. 

 When viewed in the light most favorable to the verdict, the evidence presented
was also legally sufficient to show bodily injury. Bodily injury is defined as
"physical pain, illness or any impairment of physical condition." Id. § 1.07(a)(8)
(Vernon Supp. 2005). Officer Gilcrease testified that, when appellant kicked him in
the thigh, he had some "slight discomfort" and that it felt "like someone frogged you
in the muscle." Officer Gilcrease was clear that, although the pain was not
excruciating, his having been kicked in the thigh near the groin did, in fact, hurt.

 From this evidence, viewed in the light most favorable to the verdict, the jury
could have rationally concluded that appellant kicked and caused bodily injury to
Officer Gilcrease with his foot. We hold that the evidence was legally sufficient to
show that appellant intentionally, knowingly, or recklessly caused harm to a public
servant. 

 During the trial, appellant did not present any witnesses of his own to offer
evidence contrary to that presented by the State. In challenging the factual
sufficiency of the evidence, appellant instead argues that the State's evidence
"overwhelmingly demonstrates that there was a reasonable doubt as to whether
Appellant actually, intentionally or knowingly, or recklessly cause bodily injury to
Shawn Gilcrease."

 Appellant's contention rests on the indictment's allegation that the assault was
made by "kicking the said Shawn Gilcrease with the Defendant's foot." While
testifying, Officer Gilcrease stated that he did not actually see which part of the
appellant's leg actually made contact with his thigh. Appellant contends that, because
Officer Gilcrease did not see which part of appellant's leg actually hit him, Officer
Gilcrease had a reasonable doubt as to whether appellant kicked him with his foot or
some other part of his leg and thus that no rational trier of fact could have found that
appellant struck Officer Gilcrease with his foot. Accordingly, appellant argues that
the evidence is factually insufficient to find appellant guilty.

 As demonstrated earlier, there is ample evidence that indicates that appellant
did strike Officer Gilcrease with his foot, in that Officer Gilcrease was directly behind
appellant at the time that he was struck and no other part of appellant's leg physically
could have kicked him in the thigh. There is also the eyewitness testimony of Officer
Tran, who testified specifically that appellant kicked Officer Gilcrease with his foot. 
Thus, even when the evidence is viewed in a neutral light, a jury could have
reasonably determined beyond a reasonable doubt that appellant struck Officer
Gilcrease with his foot.

 Appellant also argues that the evidence is not factually sufficient to show that
Officer Gilcrease suffered bodily injury. Appellant contends that, because Officer
Gilcrease did not seek medical attention or document any injuries, the evidence was
factually insufficient. We do not agree. Bodily injury is defined as "physical pain,
illness or any impairment of physical condition." Id. § 1.07(a)(8). This definition is
intentionally broad and includes even minor physical contact. Lane v. State, 763
S.W.2d 785, 786 (Tex. Crim. App. 1989); see Lewis v. State, 530 S.W.2d 117, 118
(Tex. Crim. App. 1975) (holding that mere twisting of victim's wrist, causing pain
and small bruise, constituted bodily injury). Furthermore, there is no statutory
requirement that a victim seek medical treatment. See Allen v. State, 533 S.W.2d 352,
353-54 (Tex. Crim. App. 1976). 

 Officer Gilcrease testified that, when appellant kicked him in the thigh, it felt
"like someone frogged you in the muscle." He further testified that the pain was not
excruciating, but that the impact was still painful.

 Here, the State's evidence is not so weak that the verdict is clearly wrong and
manifestly unjust. Thus, viewing the evidence in a neutral light, a reasonable trier of
fact could have found beyond a reasonable doubt that appellant caused bodily injury
to a public servant. See Escamilla, 143 S.W.3d at 817. 

 We overrule appellant's first and second points of error.

Lesser-Included Offenses In his third point of error, appellant contends that the trial court erred when it
did not include in the jury instructions the lesser-included offenses of misdemeanor
assault and misdemeanor resisting arrest. 

A. Standard of Review

 In determining whether a charge on a lesser-included offense is required, we
apply a two-step analysis. Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App.
2002); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, a party
must establish that the lesser-included offense is included within the proof necessary
to establish the charged offense. Tex. Code Crim. Proc. Ann. art. 37.09(a) (Vernon
1981); Feldman, 71 S.W.3d at 750; Rousseau, 855 S.W.2d at 672. Second, the record
must include some evidence that would permit a jury rationally to find that, if the
defendant is guilty, he is guilty only of the lesser-included offense. Feldman, 71
S.W.3d at 750; Rousseau, 855 S.W.2d at 672.

 In determining whether any evidence exists in the record that would permit a
rational jury to find that the defendant is guilty only of the lesser-included offense,
anything more than a scintilla of evidence is sufficient to entitle a defendant to a
lesser charge. Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). We
review all evidence introduced at trial to determine whether the trial court erred in
failing to instruct the jury on a lesser-included offense. Enriquez v. State, 21 S.W.3d
277, 278 (Tex. Crim. App. 2000); Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim.
App. 1994). Credibility determinations and conflicts in the evidence are not factors
to consider in determining whether the trial court erred in failing to instruct the jury
on a lesser-included offense. Banda, 890 S.W.2d at 60.

 A person commits felony assault on a public servant by "intentionally,
knowingly, or recklessly caus[ing] bodily injury to . . . a person the actor knows is a
public servant while the public servant is lawfully discharging an official duty." Tex.
Pen. Code Ann. § 22.01(a), (b)(1). In this case, the indictment charged that appellant
did "intentionally, knowingly, and recklessly cause bodily injury to Shawn Gilcrease,
a public servant . . . who was then and there lawfully discharging an official duty and
a person the defendant did then and there know and had been informed was a public
servant, by kicking the said Shawn Gilcrease with the Defendant's foot."

B. Misdemeanor Assault

 At the first step of the two-step test, we conclude that the elements of assault
are included within the facts necessary to prove assault on a public servant. A person
commits misdemeanor assault if the person "intentionally, knowingly, or recklessly
causes bodily injury to another." Id. § 22.01(a)(1). Thus, the offense requires two
elements: (1) the person acted intentionally, knowingly, or recklessly and (2) the
person caused bodily injury to another. We conclude that the intentional, knowing,
or reckless element for misdemeanor assault is the same as that necessary to prove
assault on a public servant. Furthermore, the second element is the same except that
assault on a public servant requires the State to prove additional elements, all related
to the single fact that the person being assaulted is a public servant. Hall v. State, 158
S.W.3d 470, 473 (Tex. Crim. App. 2005). Thus, misdemeanor assault is a lesser-included offense of assault on a public servant. Id.

 However, at the second step of the test, we hold that there is no evidence that
would have permitted the jury to find that appellant was guilty only of the lesser
offense of misdemeanor assault. Officer Gilcrease testified that he was a licensed
officer with the Alvin Police Department and that, when he arrived at the scene, he
informed appellant and his family that he had been dispatched to this residence
regarding a disturbance. After having spoken with several family members, he
informed appellant that he was under arrest for assault by threat, family violence. 
Throughout, this event, Officer Gilcrease was wearing his distinctive Alvin Police
Department uniform. 

 Nowhere in his case was there evidence that Officer Gilcrease was not a public
servant discharging his official duty or that appellant was not aware that Office
Gilcrease was a public servant. Thus, there is no evidence that would have allowed
a jury rationally to find that appellant did not know that Officer Gilcrease was, in fact,
a public servant. That is, there is no evidence to suggest that appellant was guilty
only of the lesser crime of misdemeanor assault.

C. Misdemeanor Resisting Arrest

 At the first step of the two-step test, we conclude that the elements of resisting
arrest are not included in the facts necessary to prove assault on a public servant. A
person commits the misdemeanor offense of resisting arrest "if he intentionally
prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest,
search, or transportation of the actor or another by using force against the peace
officer." Tex. Pen. Code Ann. § 38.03 (Vernon 2003). On the other hand, a person
commits felony assault on a public servant by "intentionally, knowingly or recklessly
caus[ing] bodily injury to . . . a person the actor knows is a public servant while the
public servant is lawfully discharging an official duty." Id. § 22.01(a), (b)(1). 

 Comparing the two offenses, it is apparent that several elements of resisting
arrest are not the same as, or less than, those required for assault on a public servant. 
Resisting arrest requires intentional conduct, whereas assault on a public servant
allows for knowing or reckless conduct. Furthermore, resisting arrest requires that
the officer be in the act of making an arrest. Assaulting a public servant may occur
at any time that the public servant is conducting his official duty. The facts required
to prove assault on a public servant do not establish proof of resisting arrest. Thus,
resisting arrest is not a lesser-included offense of assault on a public servant. Gilmore
v. State, 44 S.W.3d 92, 95-96 (Tex. App.--Beaumont 2001, pet. ref'd).

 Accordingly, we overrule appellant's third point of error.

Proof of Enhancement Allegations

 In his fourth point of error, appellant contends that the trial court reversibly
erred in finding the enhancement allegations true when the State failed properly to
prove up or to authenticate the penitentiary packet showing his prior convictions. 
Appellant relies on the fact that the fingerprint in the penitentiary packet was not
readable, so that the State's fingerprint expert could not identify the fingerprints in
the penitentiary packet as appellant's. 

 The Court of Criminal Appeals has established four ways in which the State
may prove that a defendant is the person previously convicted. They include: "(1)
testimony of a witness who personally knows the defendant and the fact of his prior
conviction and identifies him [in court]; (2) stipulation or admission of the defendant
that he has been so convicted; (3) introduction of certified copies of the judgment,
sentence, and record of the Texas Department of Corrections or a county jail,
including fingerprints of the accused supported by expert testimony identifying them
with known prints of the defendant; and (4) comparison by the fact finder of a record
of conviction which contains photographs and a detailed description of the named
person, with the appearance of the defendant, present in court." Daniel v. State, 585
S.W.2d 688, 690-91 (Tex. Crim. App. 1979), overruled on other grounds by Littles
v. State, 726 S.W.2d 26 (Tex. Crim. App. 1984); Smith v. State, 998 S.W.2d 683, 687
(Tex. App.--Corpus Christi 1999, pet. ref'd). These methods, however, are not
exclusive, and the courts have allowed other methods to prove identity. See Smith,
998 S.W.2d at 687 (citing Littles, 726 S.W.2d at 28).

 In this case, the penitentiary packet to which appellant objected contained
fingerprints that the State's fingerprint expert could not read. Appellant argues that
because the State's expert could not match the fingerprints in the penitentiary packet
to his fingerprints, the penitentiary packet was not properly authenticated and thus
was not properly admitted for enhancement purposes. 

 Appellant is correct that the State's fingerprint expert witness could not match
appellant's fingerprints with those in the penitentiary packet. However, she was able
to match appellant's fingerprints with the fingerprints found in State's Exhibit 11c. 
State's Exhibit 11c was a Brazoria County arrest record that included appellant's
arrest for the felony of retaliation, enhanced, in cause number 24016. This was the
most recent felony conviction alleged for enhancement in the indictment in this case. 
The other two prior convictions alleged for enhancement in this case were robbery
in cause number 345704 and burglary of a habitation in cause number 405508, both
in the 208th Judicial District Court of Harris County, Texas. 

 The State introduced, as State's Exhibit 11a, certified copies of appellant's
records in cause number 24016. Contained in these records were the indictment and
judgment showing that appellant had pleaded guilty to retaliation and true to both
enhancement allegations. Included in the indictment were the two enhancement
paragraphs for two previous felonies: robbery (cause number 345704 in the 208th
District Court of Harris County, Texas) and burglary of a habitation (cause number
405508 in the 208th District Court of Harris County, Texas). Moreover, among the
same records from cause number 24016 was "Defendant's Affidavit of Admonitions,
Judicial Confessions, Statements, Plea, Probation, and Appeal," which appellant
signed and in which he judicially confessed to the allegations and facts contained in
the indictment, including his prior felony convictions for robbery and burglary of a
habitation. The State's method of proving appellant's prior convictions in this case
was a combination of the second and third manners set out above from Daniel v.
State. The State introduced certified copies of the judgment, sentence, and record of
appellant's prior conviction for retaliation along with a jail card containing
appellant's fingerprint, in addition to the testimony of the fingerprint expert, who
compared the print on the jail card with a known print taken from appellant. Within
the certified copies of the records from appellant's prior conviction for retaliation,
there was a judicial confession to appellant's prior convictions for robbery and
burglary of a habitation. Under these circumstances, the State adequately proved up
all three enhancement allegations with properly authenticated records, and the trial
court thus did not err in finding the enhancement paragraphs true.

 We overrule appellant's fourth point of error.


Conclusion

 We affirm the judgment of the trial court. 



 Tim Taft

 Justice 

Panel consists of Justices Taft, Keyes, and Hanks. 

Do not publish. See Tex. R. App. P. 47.2(b).
1. Of course, it was necessary to allege and to prove only two prior convictions
to enhance appellant's status to that of an habitual criminal for punishment
purposes. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005).