Opinion issued August 9, 2007

 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00813-CR






WILLIE BERNARD SYKES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1042176






MEMORANDUM OPINION


 A jury convicted appellant, Willie Bernard Sykes, of assault of a household
member, a third-degree felony, and assessed punishment at 10 years imprisonment.
See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2006). In his sole
point of error, appellant argues that the evidence was factually insufficient to support
the jury's verdict.

 We affirm.

Facts

 At the time of the offense, appellant lived in an apartment with his girlfriend,
Gloria Jean Smith. On September 28, 2005, Smith was doing laundry at her
apartment complex. When she returned to her apartment, appellant was angry that
she had washed his new shirt. Appellant grabbed Smith and dragged her upstairs by
her neck. Smith testified she "couldn't breathe" and "felt dizzy" and that his hold
"hurt." Appellant released his grip, but continued to complain. Smith then headed
to the bathroom, but appellant grabbed her again and put her in a tight headlock with
his arms around her neck. Smith saw herself in the mirror with foam or bubbles
coming out of her mouth. She could not breathe, lost consciousness, and urinated on
herself. When appellant released her, Smith fell onto the bed. Smith testified her
throat was "sore and raw" and her neck had a "nasty" "scar." She testified that one
year later, she still had problems as a result of appellant's headlock. She sometimes
coughed, she choked when swallowing, and her voice changed. 

 After these events, appellant went to sleep, and Smith's children returned home
from school. Smith also had a number of phone conversations that evening with her
friends Evie and Shalita. She told them she was "tired of the relationship" with the
appellant and needed to "get out" of the relationship. 

 The following morning, September 29, 2005, Smith called her cousin, Barbara,
and told her what had happened. Barbara asked Smith if she wanted help; Smith said
that she did. Barbara then called the police, and Smith left the apartment. From
outside her apartment, Smith saw the police enter her apartment and walk out with
appellant in handcuffs. A police officer, Deputy R.A. Jenkins, took Smith's statement
and asked her about the scratch on her neck. 

 Deputy Jenkins testified that, the day after the incident, Smith had a scratch on
the right side of her neck "[p]robably six inches long or so." It resembled "a
fingernail scratch," but it could have come from another source. 

 Appellant was charged with assault of a household member. See Tex. Pen.
Code Ann. § 22.01(a)(1), (b)(2). On August 15, 2005, appellant had been previously
convicted of assaulting a family member. Because of this prior conviction, appellant
was eligible for the enhancement from a Class A misdemeanor to a third degree
felony. See Tex. Pen. Code Ann. § 22.01(b)(2).

Standard of Review

 In his sole issue on appeal, appellant argues that the evidence presented at trial
was factually insufficient to sustain his conviction for assault of a household member.

 We begin the factual sufficiency review with the presumption that the evidence
supporting the jury's verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996). We view all of the evidence in a neutral light, (1) and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or the conflicting evidence is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000). Regarding the second basis for a finding of factual insufficiency, "an appellate
court must . . . be able to say, with some objective basis in the record, that the great
weight and preponderance of the (albeit legally sufficient) evidence contradicts the
jury's verdict before [the court] is justified in exercising its appellate fact jurisdiction
to order a new trial." Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006)
(emphasis omitted). For a review of factual sufficiency, we must consider the most
important evidence that appellant claims undermines the verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

Analysis


 Appellant contends that the verdict is factually insufficient for two reasons:
(1) the State presented no evidence of bodily injury and (2) Smith was not a credible
witness. Evidence of Bodily Injury 

 First, appellant argues that evidence of bodily injury was factually insufficient
because the State presented no witnesses, medical reports, or photos to support a
finding of bodily injury.

 An assault occurs when one "intentionally, knowingly, or recklessly causes
bodily injury" to another. Tex. Pen. Code Ann. § 22.01(a)(1). The offense is raised
to a felony of the third degree if the offense is committed against "a person whose
relationship to or association with the defendant is described by Section . . . 71.005,
Family Code, if it is shown on the trial of the offense that the defendant has been
previously convicted of an offense under this chapter. . . ." Id. § 22.01(b)(2). 
"'Household' means a unit composed of persons living together in the same dwelling,
without regard to whether they are related to each other." Tex. Fam. Code Ann.
§ 71.005 (Vernon 2002). Bodily injury is defined as "physical pain, illness, or any
impairment of physical condition." Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp.
2006). The definition of bodily injury is "purposely broad and seems to encompass
even relatively minor physical contacts so long as they constitute more than mere
offensive touching." Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). 

 Physical pain can be proven by a victim's testimony of experiencing pain. See
Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975). Similarly, in Allen v.
State, testimony by the victim of a hurt, swollen, and sore nose was sufficient to
establish bodily injury without corroborating evidence. 533 S.W.2d 352, 354 (Tex.
Crim. App. 1976).

 Here, bodily injury through physical pain was established when Smith testified
that appellant's grab and headlock "hurt" and that her throat was "sore and raw." In
addition, Smith and Deputy Jenkins testified to the existence of a scratch on Smith's
neck. As in Allen, Smith's testimony of feeling "hurt" and having a "sore and raw"
throat is sufficient to prove bodily injury. See Allen, 533 S.W.2d at 354. Moreover,
testimony by Smith that she had a "scar" on her neck and that appellant's grab and
headlock "hurt" is similar to the facts of Lewis, where a small bruise and testimony of
pain was sufficient to establish bodily injury. See Lewis, 530 S.W.2d at 118. Thus,
Smith's testimony of pain is factually sufficient evidence of bodily injury. 

 Moreover, testimony of a victim experiencing physical pain is not required to
prove bodily injury. Evidence of a visible injury allows for an inference of pain. 
Arzaga v. State, 86 S.W.3d 767, 778-79 (Tex. App.--El Paso 2002, no pet.). In
Arzaga, photos of a swollen and cut lip were sufficient to establish an inference of
physical pain. 86 S.W.3d at 778-79. In Bryant v. State, testimony by an officer,
corroborated by a fellow officer, that his fingers were red, purple, and swollen was
sufficient evidence of physical pain. 47 S.W.3d 80, 82-83 (Tex. App.--Waco 2001,
pet. ref'd).

 Here, even without Smith's testimony that appellant's actions caused her to
experience physical pain, pain could be inferred. See Arzaga, 86 S.W.3d at 778-79.
The fact that Deputy Jenkins corroborated the existence of the scratch resembles Bryant
where testimony of a red, purple, and swollen hand was corroborated by another
officer's testimony and held factually sufficient to establish physical pain. See Bryant,
47 S.W.3d at 82-83. As in Arzaga, a visible injury, such as the complainant's scratch,
could lead to an inference of pain. See Arzaga, 86 S.W.3d at 778-79. Thus, testimony
of a scratch on Smith's neck is sufficient evidence of bodily injury.

 Appellant argues, however, that Deputy Jenkins's testimony that the scratch on
Smith's neck could have come from a source other than appellant undermines the
verdict. A decision is not manifestly unjust, however, merely because the jury resolved
conflicting views of the evidence in favor of the State. Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997). Even if the jury believed that Smith's scratch had come
from another source, Smith's testimony alone--namely, that appellant grabbed her
neck and put her in a headlock and that her throat was sore and raw--would be
sufficient to prove bodily injury through physical pain. See Allen, 533 S.W.2d at 354.

 Bodily injury can also be proven by evidence of "any impairment of bodily
condition." See Tex. Pen. Code Ann. § 1.07(a)(8). Smith experienced an impairment
of her physical condition when she had trouble breathing, felt "dizzy," became
unconscious, and when, even one year later, as a result of appellant's actions, she
sometimes coughed, she choked when she swallowed, and her voice changed. See York
v. State, 833 S.W.2d 734, 735 (Tex. App.--Fort Worth 1992, no pet.) (holding
restricted breathing sufficient evidence of impairment of physical condition). Thus,
Smith's testimony of restricted breathing, dizziness, and unconsciousness is sufficient
to establish bodily injury.

 Based on the foregoing, we hold that the testimony of both Smith and Deputy
Jenkins provided direct and inferential evidence of physical pain and an impairment of
Smith's physical condition. The verdict, therefore, is not against the great weight and
preponderance of the evidence; nor is the evidence so weak as to make the jury verdict
clearly wrong and manifestly unjust. See Johnson, 23 S.W.3d at 10-11. 

 Credibility of the Victim

 Second, appellant challenges Smith's credibility by arguing that the alleged
assault was a scheme to end the relationship, providing reasonable doubt. More
specifically, appellant points out that the victim could have left the apartment if she
desired, but that she left only after long conversations with her friends about her
relationship with appellant.

 Smith admitted during cross-examination that appellant slept after the incident;
she had neighbors around her willing to help her in an emergency; she had access to
a phone, and her children were capable of responding to an emergency. The day of the
incident, she spoke with friends about how she needed to "get out" of the relationship. 
Appellant argues that this evidence provides reasonable doubt.

 Our evaluation may not intrude upon the fact finder's role as the sole judge of
the weight and credibility accorded any witness's testimony. Cain, 958 S.W.2d at 407
n.5. What weight to be given contradictory testimonial evidence is within the sole
province of the fact finder because it turns on an evaluation of credibility and
demeanor. Id. at 407-09. The fact finder may choose to believe all, some, or none of
the testimony presented. Hughes v. State, 897 S.W.2d 285, 289 (Tex. Crim. App.
1994). We must defer appropriately to the fact finder to avoid substituting our
judgment for its judgment. See Johnson, 23 S.W.3d at 12.

 How much weight to give the evidence alleging the assault versus the evidence
alleging a motive to fabricate the assault is for the jury to decide. See Cain, 958
S.W.2d at 407-09. In this case, even if Smith acted on the advice of her friends to
report the assault as a way to end the relationship with appellant, this evidence does not
contradict the testimony of the assault. The jury could have found that Smith was
assaulted as she testified, but only reported the assault when she decided to end the
relationship. Appellant's contrary evidence is not of such "great weight and
preponderance" to make the verdict factually insufficient. See Johnson, 23 S.W.3d at
10-11.

 Because the testimony of both Smith and Deputy Jenkins provided sufficient
direct and inferential evidence of bodily injury, we conclude that the State presented
factually sufficient evidence to convict appellant of assault. Thus, the verdict is not
against the great weight and preponderance of the evidence; nor is the evidence so
weak as to make the jury verdict clearly wrong and manifestly unjust. 

 We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 



 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).