

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00297-CR

NIMOY TENNISON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In a single issue, Appellant Nimoy Tennison argues that the evidence is insufficient to support his conviction for robbery. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL BACKGROUND

Robert Edward Stewart Jr., the manager of the Goody Goody Liquor store in Little Elm, testified that on June 22, 2012, he noticed a woman who was paying more attention to the people around her than to the products on the shelves. Stewart checked the security cameras in the store's office to get a better view of what the woman was doing. Stewart saw that the woman and a man were loading bottles of Crown Royal Black into the woman's purse and that the man was putting a couple of bottles of Seagram's into his pants. When Stewart saw the first bottle being placed into the woman's purse, he directed his assistant manager, Paige Bramhall, to call 911.

When the couple went to the register to check out, Stewart left the office to go wait on them. At the register, the couple asked Stewart for a pint of Canadian Hunter, and he retrieved it for them. Stewart chatted with the couple to try to slow down the transaction in order to give the police time to arrive. The couple paid for the pint of Canadian Hunter, but they did not pay for the bottles of Crown or the bottles of Seagram's. Stewart escorted the couple as they headed toward the exit.

About halfway between the registers and the exit, near the store's atrium, Stewart got in front of the woman and told her that the police were en route, that he knew she had bottles of liquor in her purse, and that she needed to stay until the police arrived. When Stewart mentioned the police, the woman "bull rushed" straight towards Stewart, and he put his hands out toward her shoulders to keep

2

her off him. The man said something like, "Don't touch my woman; stay away from her," and came around and swung at Stewart. Stewart attempted to duck to avoid a direct hit, but the man landed a "glancing blow" with his fist to Stewart's face. When the man hit Stewart, the woman ran past Stewart and exited the store, but Stewart grabbed her purse and held onto it. Another employee at Goody Goody came over and was able to help Stewart wrestle the man to the ground. When the police arrived, they found two bottles of Seagram's in the man's pants. At trial, Stewart identified Tennison as the man who had hit him.

Bramhall and an employee named Ian Butters both testified that they were present at Goody Goody on June 22, 2012, but that they could not see from their vantage points in the store what happened between Stewart and Tennison. Butters testified that it looked like Stewart "was grabbing ahold of something in between them," that there was a struggle, and that he saw Tennison's shoulder "rocked back." Butters was not sure "if it was a punch or [if Tennison] was grabbing for something." Butters testified that Tennison could have been pulling back for a punch, but Butters could not see the result. Butters admitted that he did not tell the police that he saw Tennison's shoulder "rocked back."

The tape of Bramhall's 911 call, the video from one of the store's security cameras, and various photos were admitted into evidence. During the 911 call, Bramhall states, "They're fighting. . . . They're at the front door." The video shows a struggle, but it does not clearly show what transpired due to glare from

3

the atrium. Photos of Stewart's face reveal that Tennison's hit did not leave any marks.

After viewing the exhibits and hearing the above testimony, along with testimony from two police officers who responded to the scene, the jury found Tennison guilty of robbery by intentionally, knowingly, or recklessly causing bodily injury to Stewart by striking Stewart with Tennison's hand. At sentencing, Tennison pleaded true to two enhancement paragraphs, and the trial court assessed punishment at twenty-five years' confinement.

## III. SUFFICIENCY OF THE EVIDENCE

In his sole issue, Tennison argues that the evidence is insufficient to support his conviction because the record contains only a "mere modicum" of evidence of bodily injury.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

4

The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768.  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.  *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.  *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).  We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.  *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

A person commits the offense of robbery if, in the course of committing theft[2] and with intent to obtain or maintain control of the property he intentionally, knowingly, or recklessly causes bodily injury to another.  Tex. Penal Code Ann. § 29.02(a)(1) (West 2011).  The penal code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition."  *Id.* § 1.07(a)(8) (West Supp. 2013).  This definition is broadly construed to encompass even relatively minor physical contacts so long as they constitute more than mere offensive

---

[2]The penal code defines "theft" as "unlawfully appropriat[ing] property with intent to deprive the owner of property."  Tex. Penal Code Ann. § 31.03(a) (West Supp. 2013).  Tennison does not challenge the theft element of the offense of robbery.

touching; the degree of injury sustained by a victim and the type of violence utilized by an accused are of no moment. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). In the case of robbery, the bodily injury element is satisfied "so long as the 'violence' is clearly perpetrated against another 'for the purpose of . . . preventing or overcoming resistance to theft.'" *See Lane*, 763 S.W.2d 787.

Here, the jury heard Stewart testify as follows:

> Q Okay. Now, when he took a swing at you, you say -- was -- are you talking about his hand?
>
> A Yeah. I mean a closed fist.
>
> Q Okay. And where does his hand contact you?
>
> A On my face.
>
> Q And describe it. Was it a clean hit? Was it kind of --
>
> A Fortunately not. Whenever he -- whenever he swung at me and I saw him coming around from behind me out of the corner of my eye, I was able to duck and he just landed a glancing blow[3] on my face. I mean, it hurt, but it was -- you know, it didn't knock me out or require any doctor's attention.
>
> . . . .
>
> Q But you felt it?
>
> A Absolutely.

---

[3]Later in his testimony, Stewart explained what he meant by "glancing blow": "When he swung at me, I started to duck and he didn't hit me squarely on, which I was very glad of."

6

Q  And it hurt?

A  Yes.

Based on Stewart's testimony, the jury was justified in finding that Tennison's hitting Stewart constituted more than mere offensive touching and was perpetrated against Stewart for the purpose of overcoming resistance to theft. *See Lane*, 763 S.W.2d at 787.  Moreover, Stewart's testimony—that he suffered physical pain as a result of Tennison's closed fist hitting his face—suffices, even in the absence of corroborating physical evidence or corroborating witness testimony, to satisfy the bodily injury requirement necessary to convict Tennison of robbery.  *See Allen v. State*, 533 S.W.2d 352, 354 (Tex. Crim. App. 1976) (holding that police officer's testimony that he experienced pain from kick in the nose was sufficient to establish bodily injury absent corroborating physical evidence); *see also Laster*, 275 S.W.3d at 524 (holding that victim's testimony that she felt pain when appellant grabbed her around the waist and pulled her was legally sufficient to establish that appellant intended to inflict bodily injury on victim).

Tennison argues on appeal, just as he did during the trial, that he is guilty only of theft because the record contains minimal evidence of bodily injury to Stewart.  Tennison points to Stewart's testimony that he did not seek medical attention, that the photographs do not reveal bruises on Stewart's face, that the surveillance video did not show that Tennison struck Stewart, and that none of the other store employees testified that Tennison hit Stewart.  The jury charge

7

contained a lesser-included instruction on theft, so had the jury believed Tennison's argument, it would have convicted him of the lesser-included offense. But the jury, as the trier of fact, believed Stewart's testimony, and we may not re-evaluate the jury's credibility determinations. *See Isassi*, 330 S.W.3d at 638.

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence supports the jury's determination that Tennison committed robbery by intentionally, knowingly, or recklessly causing bodily injury—physical pain—to Stewart by striking Stewart with Tennison's hand. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. §§ 1.07(a)(8), 29.02(a)(1). We overrule Tennison's sole issue.

## IV. CONCLUSION

Having overruled Tennison's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 10, 2014

8